FILED
May 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002630733

ANTHONY R. MALLERY – 207149
Mallery and Mallery
P.O. Box 329
Susanville, CA 96130
Telephone: (530) 257-4300
Facsimile: (530) 257-4305

Attorney for Movant
MICHELE CARRILLO

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

| | |
|---|---|
| In Re<br><br>DAVID P. CARRILLO<br><br>Debtor,<br>_____<br>MICHELE CARRILLO<br><br>Movant, | Case No. 09-32008-C-7<br><br>Docket Control No. ARM-1<br><br>(Chapter 7)<br><br>**MOTION FOR ORDER COMPELLING TRUSTEE TO ABANDON PROPERTY OF THE ESTATE**<br><br>11 U.S.C. § 554(b)<br><br>[Pursuant to Local Rule 9014-1(f)(1)]<br><br>Date: June 15, 2010<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>      501 "I" St. Courtroom 35<br>      Sacramento, California<br>Judge: Christopher M. Klein |

## I. INTRODUCTION

TO THE HONORABLE CHRISTOPHER M. KLEIN, THE DEBTOR, THE DEBTORS ATTORNEY, THE CHAPTER 7 TRUSTEE AND ALL OTHER INTRESTED PARTIES:

1

MOTION FOR ORDER COMPELLING TRUSTEE TO ABANDON PROPERTY OF THE ESTATE.

COMES NOW, MICHELE CARRILLO ("Movant") and moves this Court for an order under 11 U.S.C §554(b) compelling the Trustee to abandon all property of the estate, excluding the 2008 Honda Civic, on the basis that said property has exempt equity and as such is of inconsequential value and benefit to the estate.

## II. PARTIES IN INTEREST AND STATEMENT OF FACTS

1. Movant is a party in interest as she is the wife of Debtor and assets of the Debtor listed in the bankruptcy schedules include community property assets.

2. On June 27, 2008, a Dissolution of Marriage was filed in the Superior Court of Lassen County, Case Number FS47132, regarding Debtor's marriage to Movant.

3. Before the dissolution could be completed and before a Marriage Settlement Agreement could be entered into between Debtor and Movant distributing the community property amongst the parties, Debtor filed for Chapter 7 Bankruptcy on June 12, 2009, thereby effectively preventing the Superior Court of Lassen County from continuing with the division of assets between the parties until the Bankruptcy Court has returned the assets of the bankruptcy estate back to the Debtor.

4. Debtor did not inform Movant that he would be filing for bankruptcy prior to said filing and improperly indicated to the Court on Schedule I that he was divorced when in fact he was married to Movant at the time of Debtor's filing for bankruptcy and continues to be married to Movant.

5. Debtor's 341 meeting was held on July 29, 2009 and the Trustee has since deemed the 2008 Honda Civic to be a non-exempt asset of the estate.

6. Debtor's Discharge was filed on October 5, 2009.

7. Trustee of the estate has in his possession the 2008 Honda Civic vehicle which is perceived to have non-exempt equity of approximately $10,000.00. On May 4, 2010, the Trustee filed a Notice of Intent to Sell Asset with regard to the 2008 Honda Civic.

8. Excluding the 2008 Honda Civic, the remaining assets of the estate are exempt assets of the estate or of inconsequential value and benefit to the estate and the Trustee has indicated that the remaining assets of the estate listed on Debtor's Schedule A and B, including but are not limited to, the single family residence located at 60 Harris Drive, Susanville, California; checking account held with Lassen County Federal Credit Union; household furnishings and appliances; tools; life insurance policy, ATVs, Motorcycles, Jet Skis, 2002 GMAC pickup, 1991 Honda Accord, 2002 Toyota Tacoma PreRunner, bounce houses, trailers and dunk tank will not be sought after by the Trustee as such property is of inconsequential value or exempt under CCP §§ 703.140(b)(1), 703.140(b)(2), 703.140(b)(3), 703.140(b)(4), 703.140(b)(5) and 703.140(b)(6).

9. The deadline to object to Debtor's properly claimed exemptions is 30 days from the first meeting of creditors. The first meeting of creditors was July 29, 2009. More than 30 days have passed since the first meeting of creditors, and no objection has been filed with this Court.

10. Excluding the 2008 Honda Civic, there are no other non-exempt assets of the bankruptcy estate and as such the court should order the Trustee to abandon the remaining property.

11. 11 U.S.C. § 554(b) provides a mechanism whereby a party can request abandonment of property that is of no value or benefit to the estate. This section states:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is of inconsequential value and benefit to the estate.

12. As set forth above, excluding the 2008 Honda Civic, there are no other assets of the estate with available equity due to the remaining assets being exempt or of inconsequential value. Thus, excluding the 2008 Honda Civic, the remaining assets of the estate are of no value and the Court should order the Trustee to abandon such property.

WHEREFORE, Movant prays that the Court grant this motion and order the Trustee to abandon all property of the bankruptcy estate, excluding the 2008 Honda Civic, back to the Debtor.

Dated: May 12, 2010

MALLERY & MALLERY

By _____
ANTHONY MALLERY, Attorney for Movant, MICHELE CARRILLO